**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**19 cv 11481**

**UNITED STATES OF AMERICA,**

**17cr007 (JGK)**

**- against -**

**ORDER**

**DUANE MOORE,**

**Defendant.**

**JOHN G. KOELTL, District Judge:**

By letter dated February 12, 2019, the defendant moves for a restructuring of his sentence. The defendant's motion may properly be considered as a motion under 28 U.S.C. § 2255 or a petition for a writ of coram nobis. The Court is referring the defendant's motion to his defense counsel in this case, the Federal Defenders of New York. Defense counsel may submit further argument on behalf of the defendant by **March 22, 2019.** The Government should respond by **April 22, 2019.** The defendant, either through defense counsel or pro se, may reply by **May 13, 2019.**

The Clerk of Court is directed to send a copies of this Order to the defendant and the Federal Defenders of New York.

**SO ORDERED.**

**Dated:  New York, New York**
**February 21, 2019**

**John G. Koeltl**
**United States District Judge**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _____

DOC# 40

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CASE NO. (S1) 1:17-CR-0007-001 (JSK)

UNITED STATES OF AMERICA

V.

DUANE MOORE

MOTION REQUESTING RESTRUCTURING OF SENTENCE

U.S. DISTRICT COURT FILED
FEB 15 2019
S.D. OF N.Y.
DS

COME(S) NOW, DUANE MOORE, DEFENDANT IN THE ABOVE CAPTIONED-CASE BEFORE THIS HONORABLE COURT AND MOTION REQUESTING RESTRUCTURING OF SENTENCE IMPOSED ON, DECEMBER, 1., 2017, IN ACCORDANCE WITH TITLE 18 U.S.C. 2113(A), BANK ROBBERY. AND TITLE 18 U.S.C. 924(C)(1)(A)(i), POSSESSING A FIREARM IN RELATION TO A CRIME OF VIOLENCE, FOR THE FOLLOWING REASON(S);

IT IS ALLEGED THAT MR. MOORE COMMITTED AN ATTEMPTED BANK ROBBERY ON, JUNE 28, 2016 AND ANOTHER BANK ROBBERY ON, OCTOBER 3, 2016. IT IS ALSO ALLEGED THAT MR. MOORE WALKED INTO AN M AND T BANK IN MANHATTAN AND TOLD A TELLER THAT HE HAD A GUN IN A BAG HE WAS CARRYING. HE RECEIVED #41,000 CASH IN AN BAG ACCOMPANIED BY AN HIDDEN GPS TAG. THE PROBATION OFFICE(S) FINDING IS THAT MR. MOORE COMMITTED AN ADDITIONAL BANK ROBBERY IN QUEENS ON, JULY 15, 2016. PSR, PAR. 10. IN ACCORDANCE THEREOF MR. MOORE WAS NOT CHARGED WITH THIS ROBBERY NOR DID HE ADMIT TO IT IN HIS PLEA AGREEMENT. THE PROBATION OFFICE STATED THAT THE ALLEGED ROBBERY SHOULD BE INCLUDED AS "RELEVANT CONDUCT" UNDER 1 S.S.G. 1 B1.3. PSR, PAR 19.

Finding(S);

ON, JANUARY 24, 2019, FROM SUPREME COURT OF THE UNITED STATES OF

America, Handed Down To The Fourth Circuit Issued Its en banc Decision In United States v. Simms, No. 15-4650 (18 U.S.C. 924(c)(3)(B)) Unconstitutional.

1) In Applying This Decision To "Moore", Although An Gun Was Found Used In The Alleged Robbery No Other Subject(s) Were Present Or Apprehended Nor Was There Any Injury To Any Other Person In The Alleged Crime. As Applied By The Goverment In Title 18 U.S.C. 924(c)(1)(A)(i), The Language Is The Same As Applied Under Hobbs Act Robbery And Brandishing A Firearm In Connection With That "Crime Of Violence" And Thereby Becoming Unconstitutional. 18 U.S.C. 924(c), Johnson v. United States, 135 S.Ct. 2551 (2015). The Connection Between "Moore" And Hobbs Act Robbery Does Not Categorically Qualify As An Crime Of Violence. Under 924(c)(3)(A), When No Injury Or Violence Has Been Committed Nor The Proof Of Use Of Physical Force.

The Fourth Circuit Concluded That Conspiracy To Commit Hobbs Act Robber Only Qualifies As A "Crime Of Violence" Under The Residual Clause Of 924(c)(3)(B), And The Court Further Found That 924(c)(3)(B) Is Unconstitutionally Vague In Light Of Johnson And Dimaya. Accordingly, The Court Reversed And Remanded The Judgment Of The District Court. The "Conduct-Specific Approach" Would Consider The Facts Of Each Individual Case, Rather Than The Statutory Definition Of The Underlying Offense". The Consecutive Sentence Is Rejected. Johnson v. United States, 135 S.Ct. 2551 (2015).

2) The Second Issue According To Moore(s) Probation Office(s) Finding(s) (Par. Par. 0), It Is Alleged That Moore Committed An Additional Robbery In Queen On July 15, 2016. Accordingly, Moore Was Not Charged With This Bank Robbery Nor Did He Admit To It As Part Of His Plea Agreement. The Probation Office Also Stated That It Should Be Included As "Relevant Conduct" Under U.S.S.G. 1B1.3 PSR, Par. 19. See Sims, 174 F.3d. at 912-13 ; Rhodes ; 145 F.3d. at 1384 (Silberman J., Dissenting). Attached Is Restitution In Amount Of $13,073.00. This Type Of Application Is Deemed "Unconstitutional" Under 18 U.S.C. 924(c)(3)(B) In Wake Of Johnson And Dimaya. See, Johnson v. United,

STATES, 135 S. Ct. 2551 (2015). THE ALLEGED ROBBERY CANNOT STAND BECAUSE 924(c)(3)(B) WAS UNCONSTITUTIONAL. THIS CONDUCT-SPECIFIC APPROACH, CONSIDERING THE FACTS, IS ALSO UN- CONSTITUTIONAL." THE SUPREME COURT EXTENDED IT'S HOLDING IN JOHNSON TO 18 U.S.C. 16(b) IN SESSIONS V. DIMAYA, 138 S. Ct. 1204 (2018)

WHEREFORE, AND FOR THESE REASON(S) DEFENDANT PRAY(S) THIS HONORABLE COURT TO DISMISS / VACATE THE CHARGE OF POSSESSING A FIREARM IN RELATION TO A CRIME OF VIOLENCE AND THE IMPOSED 60 MONTH(S), TO CONSIDER DISMISSING AND VACATING NOT ONLY THE CHARGE OF BANK ROBBERY FOR WHICH 48 MONTH(S) WAS IMPOSED DUE TO THE GOVERNMENT(S) IMPROPRIETY BUT THE ATTACHED RESTITUTION AS WELL.

BEING DEPOSED, I BELIEVE THE ABOVEMENTIONED FACTS TO BE TRUE AND ACCU- RATE TO THE BEST OF MY KNOWLEDGE.

THIS 12th DAY OF February, 2019

/s/ Duane Moore

DUANE MOORE # 54929-053

FCI OTISVILLE

POST OFFICE BOX 1000

OTISVILLE, N.Y. 10963