**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------

**DUANE MOORE,**

                   Petitioner,

        - against -

**UNITED STATES OF AMERICA,**

                   Respondent.

**19-cv-11481 (JGK)**

**MEMORANDUM OPINION & ORDER**

------------------------------------------------------------

**JOHN G. KOELTL**, District Judge:

    Currently pending before the Court is a motion filed by Duane Moore, appearing pro se, styled as a "Motion Requesting Restructuring of Sentence." In his motion, Moore challenges his conviction on two grounds. First, the petitioner alleges that the Court should vacate his conviction under 18 U.S.C. § 924(c)(1)(A)(i) because Section 924(c)(3)(B), which provides a definition for a crime of violence for the purposes of Section 924(c)(1)(A), is unconstitutionally vague. Second, he argues that the Court's assessment of his Guidelines sentencing range and restitution amount was incorrect because the Court included an uncharged robbery in Queens in its calculations.

    To the extent Mr. Moore seeks to challenge the fact of his conviction under 18 U.S.C. § 924(c) or the assessment of his sentence, such a motion is properly brought as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. See, e.g., Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003).

However, under Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam), this Court cannot recharacterize the motion into a Section 2255 motion on its own, in light of the restrictions placed on second or successive Section 2255 motions. See 28 U.S.C. §§ 2244, 2255; United States v. Vendivel, No. 03-cr-1305, 2009 WL 3073268, at *1 (S.D.N.Y. Sept. 22, 2009). Namely, if a petitioner's Section 2255 motion is denied, any "second or successive" motion that presents new claims will be dismissed unless the petitioner can make a showing that the claim (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Moreover, the petitioner would need to obtain the authorization from the Second Circuit Court of Appeals to file a "second or successive" Section 2255 petition in this Court. 28 U.S.C. § 2244(b)(3)(C); Poindexter, 333 F.3d at 382.

Therefore, and in light of the consequences that would flow from this Court's decision to convert the current motion into a

petition under Section 2255, Mr. Moore now has two options. First, to the extent Mr. Moore does wish to make a motion under Section 2255 to challenge the lawfulness of his conviction under 18 U.S.C. § 924(c)(1)(A) or the assessment of his sentence, he should inform the Court by **February 17, 2020** that he wishes the Court to treat the current motion as a Section 2255 motion. If he does so, Mr. Moore may include in his letter to the Court any additional information he wishes to bring to the Court's attention. Second, Mr. Moore may inform the Court by **February 17, 2020** that he wishes to withdraw his motion. If the Court does not hear from Mr. Moore by **February 17, 2020,** the Court will construe the current motion as a petition under Section 2255.

Mr. Moore should be aware that the Second Circuit Court of Appeals has held that bank robbery by intimidation under 18 U.S.C. § 2113(a) categorically qualifies as a "crime of violence" for purposes of convictions under 18 U.S.C. § 924(c)(1)(A). See United States v. Hendricks, 921 F.3d 320, 328 (2d Cir. 2019), petition for cert. filed, (U.S. Dec. 11, 2019) (No. 19-6907). Moreover, the holding by the Second Circuit Court of Appeals in Hendricks is unaffected by the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and United States v. Davis, 139 S. Ct. 2319 (2019). See

3

Fleury v. United States, No. 16-cv-4712, 2019 WL 6124486, at *3 (S.D.N.Y. Nov. 19, 2019).

Mr. Moore should also be aware that, at sentencing, this Court explicitly stated on the record that it would "not include the July 15, 2016 robbery in Queens" in making its sentencing determination "because there is insufficient evidence to support that robbery." Dkt. No. 38, at 10. Rather, when making the sentencing determination, this Court relied on the two completed robberies in Manhattan, of the M&T Bank branch and the Valley National bank as well as the attempted robbery in Manhattan of the Citibank branch. Id. at 3.

Finally, Mr. Moore should be aware that courts generally lack jurisdiction to review challenges to restitution in Section 2255 petitions. See United States v. Rutigliano, 887 F.3d 98, 105 (2d Cir. 2018). To secure relief instead through a writ of error coram nobis, the petitioner would need to overcome the heavy burden of showing that a fundamental error in the restitution order occurred. Id. at 107. It appears in this case that the total restitution order was correctly calculated because it was only for the robberies of the Valley National and M&T banks in Manhattan and did not include the Queens robbery. Dkt. No. 38, at 16. If Mr. Moore wishes to supplement his original motion on this point, he would have to present some argument why the calculation of restitution was incorrect given

4

that the calculation did not take the Queens robbery into account.

## CONCLUSION

Mr. Moore should advise the Court by **February 17, 2020** whether he wishes the Court to convert his motion into a Section 2255 petition or whether he wishes to withdraw the motion. If he wishes the Court to convert his motion, he may at the same time include in his letter to the Court any new information that he wishes to bring to the attention of the Court. If he does so, the Court will then set a schedule for the Government to respond and the petitioner to reply. If the Court does not hear from Mr. Moore by **February 17, 2020,** the Court will consider the motion as one brought under 28 U.S.C. § 2255.

**SO ORDERED.**

**Dated:** **New York, New York**
   **December 17, 2019**            /s/ John G. Koeltl
                                    **John G. Koeltl**
                                    **United States District Judge**

5